(No. 4090— )

HATTIE HOBBS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

ROY A. PTACIN, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, for Respondent; WILLIAM L. MORGAN, Assistant Attorney General, of Counsel.

DAMRON, J.

Hattie Hobbs, claimant filed this complaint on May 14, 1948 for an award under the Workmen's Compensation Act. No jurisdictional questions are presented.

It was stipulated before the Commissioner on the basis of the Departmental Report as follows:

Claimant had been in the employ of respondent, Department of Public Welfare, Division of Hospitals in the capacity of institutional worker from June 24, 1947 to January 15, 1948. Her salary was $140.00 per month. On the last mentioned date she was injured by reason of an accident arising out of and in the course of her employment.

The only question to be determined is as to the extent of her disabilities and the amount, if any, to which she is entitled by reason thereof.

The record discloses that about 10:30 A. M. on January 15, 1948 while on her way to report for duty at the general dining room of the Chicago State Hospital, claimant fell down the steps of the employee's building in which she resided. She was taken immediately to the

employee's hospital where Dr. Louis Olsman the staff surgeon and employee's physician administered treatment and placed her right arm in a cast. The cast was retained for about six weeks. Before the accident her right arm was in a good condition; but since then she can not hold heavy objects; cannot sweep; cannot flex it and her arm pains her from the wrist to the elbow. Claimant returned to work on March 3, 1948 and since then has received a $5.00 salary increase.

Dr. Albert C. Field a witness for claimant testified that at the time of the hearing there remained a 25 degree limitation of extension in claimant's hand; between 60 and 65 degrees limitation of flexion; 25 degree limitation of supination and in closing the palm the finger tips reached only within ½ inch of the metacarpophalangeal joint. There was a shortening of the radius with some deformity at the lower end of the ulna. In his opinion claimant had suffered between 40 and 50 degrees of the permanent partial loss of use of her right hand.

Dr. Louis Olsman, staff surgeon, at the Chicago State Hospital called a witness by respondent described claimant's injury as a comminuted Colles fracture. He interpreted an X-ray taken a few days prior to the hearing as revealing a good union of the bone fragments with a widening of the distal end of the radius and with some posterior angulation of the radial angle. In his opinion claimant had sustained approximately 35 to 40 per cent loss of use of the right hand as the result of the Colles fracture.

After full consideration of this record, the Court finds that the claimant and respondent were, on the 15th day of January, 1948, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned said claimant sustained accidental in-

juries which arose out of and in the course of her employment; that notice of said accident was given the respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act. That the annual earnings of claimant next preceding the injury were $1680.00 and the average weekly wage was $32.30, and claimant had no children under sixteen years of age.

The Court finds that claimant suffered a 40 per cent permanent partial loss of use of her right hand due to said injury for which she is entitled to an award, therefore she is entitled to have and receive from the respondent the sum of $19.50 for a period of 68 weeks, amounting to the sum of One Thousand Three Hundred Twenty-six Dollars ($1,326.00). Of this amount the sum of Eight Hundred and Nineteen Dollars ($819.00) has accrued as of November 5th, 1948, and is payable forthwith; the balance of said award, amounting to Five Hundred and Seven Dollars ($507.00) is payable to her at $19.50 per week in weekly installments.

The evidence discloses that A. M. Rothbart was employed to take and transcribe the evidence at the hearing before the Commissioner. For said services he made a charge of $34.85, which we find is fair, reasonable, and customary.

An award is therefore entered in favor of A. M. Rothbart, Court Reporter, in the sum of $34.85.

These awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."